IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WILFERTH, | § | |
| | § | |
| Appellant, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:06-CV-510-K |
| DENNIS FAULKNER, TRUSTEE FOR | § | |
| THE HERITAGE ORGANIZATION, | § | |
| L.L.C., THE HERITAGE | § | |
| ORGANIZATION L.L.C., and GMK | § | |
| FAMILY HOLDINGS, L.L.C., | | |
| | | |
| Appellees. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellant John Wilferth's ("Wilferth") Rule 8001(a) Motion to Allow Late Filing of Statement of Issues (Document No. 11). Also before the Court is Wilferth's appeal from a Memorandum Opinion granting Trustee Dennis Faulkner's (the "Trustee") Motion for Summary Judgment and Final Judgment denying Appellant's causes of action and disallowing him bankruptcy claims in Adversary Proceeding No. 05-03512 BJH ("Adversary Hearing") (Document No. 5). The Court **GRANTS** Appellant's Rule 8001(a) motion because otherwise the client would be unduly punished for his attorney's mistake. However, the Court **AFFIRMS** the Bankruptcy Court's Summary Judgment and Final Judgment in favor of Trustee for the reasons stated herein.

I. Background

A. The Employment Agreement

On September 11, 1997, Wilferth was hired by Heritage Organization, L.L.C. ("Heritage") pursuant to an employment agreement dated September 16, 1997 (the "Employment Agreement"). The Employment Agreement contained covenants preventing Wilferth from (1) competing with Heritage and (2) using Heritage's confidential information for non-Heritage purposes (collectively the "Non-Compete Clauses"). Heritage terminated Wilferth's employment on February 19, 1998. Wilferth was then hired by Sagemark Consulting ("Sagemark"). In July 1999, Heritage learned that Wilferth was performing the same duties for Sagemark as he did for Heritage. Thereafter, on August 23, 1999, Heritage's President, Ralph Canada, sent Sagemark a letter (the "Notice Letter") informing Sagemark of the Non-Compete Clauses in Wilferth's Employment Agreement with Heritage. After Sagemark investigated the matter, Wilferth was terminated on September 1, 1999.

In November 2000, Wilferth sued Heritage in the 68th District Court of Dallas County, Texas ("State Court") asserting tortious interference with contractual relations seeking injunctive and declaratory relief. In February 2001, the State Court entered an order directing the parties to arbitration, and on March 18, 2002, Wilferth filed a demand with the American Arbitration Association initiating proceeding no. 71-116-003102 (the "Arbitration Proceeding"). Wilferth never asserted any claim for breach of

contract in State Court or the Arbitration Proceeding.

### B. Chapter 11 Bankruptcy

Heritage filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101 ("Bankruptcy Code") on May 17, 2004 (the "Petition Date") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") initiating Case No. 04-35574. The Bankruptcy Court established September 15, 2004 as the last date for creditors to timely file proofs of claim (the "Bar Date"). On September 14, 2004, Wilferth filed a proof of claim asserting a general unsecured claim in the amount of $750,000 for breach of employment contract and damages (the "Original Claim"). The Trustee filed his objection to the allowance of the Original Claim on July 28, 2005. Wilferth filed his response to the Trustee's objection and an amended proof of claim (the "Amended Claim") on August 18, 2005. In addition to his original breach of contract claim, Wilferth attempted to add a claim against Heritage for alleged tortious interference with Wilferth's at-will employment with Sagemark in the Amended Claim.

### C. Summary Judgment

On November 4, 2005, the Trustee filed his motion for summary judgment on both the Original Claim and Amended Claim based on procedural and substantive grounds. The Trustee objected to (1) Wilferth's breach of contract claim on the grounds that Wilferth did not assert it before the state-law limitations period and (2) the tortious

interference claim because Wilferth failed to assert the claim prior to the expiration of the Bar Date.

Pursuant to her Memorandum and Opinion Order signed January 27, 2006, the Honorable Barbara J. Houser, Chief Judge of the Bankruptcy Court, granted Summary Judgment and entered Final Judgment in favor of the Trustee during the Adversary Proceeding on February 9, 2006.  The Bankruptcy Court granted summary judgment on both of Wilferth's claims for (1) breach of contract claim and (2) tortious interference with contract.  Both claims were disallowed by the Bankruptcy Court as untimely.

>   **D.**     **Appeal of Bankruptcy Court's Final Judgment**

On February 17, 2006, Wilferth filed his Notice of Appeal from the Final Judgment.  Pursuant to Bankruptcy Rule 8006 (Rule 8006), Wilferth was required to file his Statement of Issues on appeal by no later than ten (10) days after he filed his Notice of Appeal–or February 27, 2006–(the "Issues Deadline"). On February 22, 2006, five days before the Issues Deadline, the Bankruptcy Court entered a Notice of Guidelines Regarding Appeals to the U.S. District Court ("Appeal Procedures Notice") in the Adversary Proceeding.  The Appeal Procedures Notice provides appellants notice of Rule 8006's requirements.

With no Statement of Issues on file, on April 11, 2006, Wilferth appealed the Bankruptcy Court's Memorandum Opinion granting Trustee's Motion for Summary Judgment and Final Judgment to this Court.  On May 16, 2006, Wilferth filed his Rule

8001(a) Motion to Allow Late Filing of Statement of Issues.

## II.     Rule 8001(a) Motion to Allow Late Filing of Statement of Issues

As aforementioned, Wilferth was required to file his Statement of Issues within ten days from the date of the Notice of Appeal pursuant to Rule 8006. Despite the requirement, Wilferth failed to timely file a Statement of Issues. Because Wilferth would be unduly punished for his attorney's mistake and the Appellee is not prejudiced, the Court **GRANTS** Appellant's Rule 8001(a) motion. A district court may, in its discretion, dismiss an appeal when an appellant fails to comply with Rule 8006. *Ideal Systems, Inc. v. Frankfort (In re the matter of CPDC, Inc.),* 221 F.3d 693, 698 (5th Cir. 2000). However, dismissal is a harsh and drastic sanction only to be used as a penalty of last resort. *Id.*

Despite receiving the Appeals Procedures Notice, Wilferth's counsel simply missed Rule 8006's requirement to file the Statement of Issues. However, failing to comply with Rule 8006's requirement to file the Statement of Issues does not affect the validity of the appeal. *Id.* The issues at the summary judgment level are the same issues now on appeal. Because the Trustee, as the Appellee, has already fully briefed the issues at the summary judgment level and in his appellate brief, he will suffer no prejudice if Wilferth's Statement of Issues is filed. In addition, Wilferth will be unduly punished for his attorney's mistake if the Statement of Issues is not permitted to be filed because his issues on appeal would otherwise be waived. The Court, therefore, **GRANTS**

Wilferth's Rule 8001(a) Motion to Allow Late Filing of the Statement of Issues.

## III.  Wilferth's Appeal

The Court **AFFIRMS** the Bankruptcy Court's Summary Judgment and Final Judgment in favor of Trustee because the Bankruptcy Court correctly determined Wilferth's claims were asserted untimely.

### A.  Standard of Appellate Review

A district court functions as an appellate court when reviewing a bankruptcy court's decision and applies the standard of review generally applied in the federal courts of appeals. *Webb v. Reserve Life Ins. Co. (In the Matter of Webb),* 954 F.2d 1103-04 (5th Cir. 1992).  A grant of summary judgment is subject to de novo review. *See Century Indem. Co. v. NGC Settlement Trust (In the Matter of National Gypsum Co.),* 208 F.3d 498, 504 (5th Cir. 2000).  In adversary proceedings, Rule 7056 of the Federal Rules of Bankruptcy Procedure incorporates by reference Federal Rule of Civil Procedure 56 ("Rule 56") which controls the disposition of motions for summary judgment. *See* FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056.  Under Rule 56, summary judgment is proper when the pleadings and evidence show no genuine issue of material fact exists. *DIRECTTV, Inc. v. Budden,* 420 F.3d 521, 529 (5th Cir. 2005).  In such a case, the movant is entitled to judgment as a matter of law. *Id.*  A lower court's grant of summary judgment should be affirmed if the judgment can be supported on any ground. *Harris v. Edward Hyman Co.,* 664 F.2d 943, 945 (5th Cir. 1981).

B.     **Breach of Contract Claim Barred by the Statute of Limitations**

The Bankruptcy Court correctly held that the breach of contract claim is barred by the applicable statute of limitations under Texas law. Bankruptcy Code § 502(b) states that a claim must be disallowed to the extent that "such claim is unenforceable against the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The language "any applicable law" includes applicable statute of limitations. Therefore, a claim that is barred by a statute of limitations is not allowed under § 502(b)(1) of the Bankruptcy Code. *See In re Eagle-Picher Indus. Inc.,* 201 B.R. 921, 922-23 (Bankr. S.D. Ohio 1996); *In re Ballato,* 188 B.R. 690, 692-93 (Bankr. M.D. Fla. 1995).

Pursuant to § 16.051 of the Texas Civil Practice and Remedies Code, the applicable statute of limitations for breach of contract under Texas law is four years. Wilferth does not dispute that the Employment Agreement is subject to the four year statute of limitations for filing a breach of contract cause of action under Texas law. For statute of limitations purposes, a breach of contract claim accrues from the date the contract is breached. *Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex. 2002). Wilferth contends that the date of Heritage's alleged breach of contract of the Employment Agreement is August 23, 1999, the date of the Notice Letter. Therefore, the correct statute of limitations bar date is August 23, 2003.

Wilferth failed to assert a claim against Heritage for breach of the Employment Agreement by August 23, 2003. Although the State Court Action and the Arbitration

were pending, Wilferth failed to assert any claim for breach of the Employment Agreement in either proceeding. Wilferth first asserted his claim against Heritage for breach of the Employment Agreement when he filed the Original Claim on September 14, 2004–more than a year after August 23, 2003, the statute of limitations bar date.

In an attempt to overcome the statute of limitations bar date, Wilferth contends his breach of contract claim is saved by the "relation-back doctrine" under § 16.068 of the Texas Civil Practices and Remedies Code ("TCPRC § 16.068") . He argues that his breach of contract claim should be treated as an amended claim under TCPRC § 16.068 based upon the facts originally pled in the State Court Action. In other words, Wilferth argues, with no cited legal support, that sending the Notice Letter and Heritage's attempt to enforce the Non-Compete Clauses constitute a breach of the Employment Agreement, allegedly making the claim timely because of its reference to facts which were timely asserted in the State Court Action. However, an amendment is not permissible if the new cause of action is based on a new, distinct, or different transaction or occurrence. TEX. CIV. PRAC. & REM. CODE ANN. § 16.068.

The Bankruptcy Court correctly found Wilferth's argument had no merit because the relation-back doctrine did not apply to Wilferth's breach of contract claim. In State Court, Wilferth claimed (1) he was entitled to a declaratory judgment determining the Employment Agreement was "null and void" and (2) the actions of Heritage in attempting to enforce the Non-Compete Clauses constituted tortious inteference with

his contract with Sagemark.

As the Bankruptcy Court correctly noted, if the Employment Agreement is "null and void," as Wilferth alleged in State Court, there is no agreement to breach. In addition, Wilferth even acknowledged the facts asserted in State Court form the basis of tortious interference, not breach of contract. Therefore, the Bankruptcy Court correctly concluded that sending the Notice Letter and Heritage's attempt to enforce the Non-Compete Clauses did not give rise to a breach of contract claim, and hence, that claim does not arise from the same transaction or occurrence as the tortious interference claim. Therefore, the relation-back doctrine under TCPRC § 16.068 does not save Wilferth's breach of contract claim.

Wilferth has also provided no support for his argument that his breach of contract claim should be treated as an amended claim under TCPRC § 16.068 based upon the facts originally pled in the State Court Action. After given the opportunity to brief the Bankruptcy Court on this issue, he failed to support this legal proposition with any case law. Wilferth's failure to cite any relevant authority is also grounds for rejecting his argument. *General Universal Sys. v. Lee,* 379 F.3d 131, 148 (5th Cir. 2004).

Wilferth's alleged breach of contract claim against Heritage is barred by the applicable four year statute of limitations under Texas law. Because Wilferth's breach of contract claim is barred by the statute of limitations, the Bankruptcy Court properly held that his claim must be disallowed under Bankruptcy Code § 502(b).

### C.     Wilferth's Tortious Interference Claim

The Bankruptcy Court also correctly held that Wilferth's tortious interference claim is barred and must be disallowed under § 502(b)(9) of the Bankruptcy Code because he failed to timely assert the claim prior to the Bar Date, which is September 15, 2004, established in the Bankruptcy Case.  Wilferth contends that the Amended Claim, filed on August 18, 2005, almost one year after the Bar Date, was a permissible amendment to the Original Claim.  He argues that the Bankruptcy Court abused its discretion in denying his amendment.  However, the Bankruptcy Court correctly found that the Amended Claim was not a proper amendment to the timely filed Original Claim because it added tortious interference, a wholly separate and new claim independently subject to the Bar Date.  The Bankruptcy Court, therefore, properly exercised its discretion disallowing the Amended Claim under  § 502(b)(9) of the Bankruptcy Code as being untimely filed. *In re Waindel,* 65 F.3d 1307, 1312 (5th Cir. 1995).

Pursuant to Bankruptcy Rule 3003(c)(3), a bankruptcy court in a Chapter 11 bankruptcy case "shall fix...the time within which proofs of claims or interest may be filed."  FED. R. BANKR. P. 3003(c)(3).  Under the Bankruptcy Code, claims filed after this fixed deadline known as the "bar date" are subject to disallowance.  11 U.S.C. § 502(b)(9).  Such bar dates are similar to statutes of limitations and must be strictly observed.  *In re Enron Corp.,* 328 B.R. 75, 86 (Bankr. S.D.N.Y. 2005).  Bar dates are critical to the prompt resolution of bankruptcy cases because they enable a debtor and

creditor to know, reasonably promptly, each claim and the amount that is being asserted against the estate. *U.S. v. Kolstad, (In re Kolstad),* 928 F.2d 171, 173 (5th Cir. 1991). In this case, the Bankruptcy Court fixed September 15, 2004 as the Bar Date. Wilferth filed his Amended Claim, the first proof of claim in which he asserted the tortious interference claim, on August 18, 2005--well after the Bar Date. The decision to grant or deny an amendment to a timely-filed proof of claim rests with the sole discretion of a bankruptcy judge. *Enron Corp.,* 328 B.R. at 86.

Wilferth correctly states that amendments should be allowed where the purpose is to cure a defect in the claim as originally filed, to describe the original claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim. *Enron Corp.,* 328 B.R. at 86. However, an amendment may not be used as a mechanism to circumvent the bar date. *Id.; Highlands Ins. Co. Inc. v. Alliance Operating Corp. (In re Alliance Operating Corp.),* 60 F.3d 1174, 1175 (5th Cir. 1995)(holding bar dates are not to be vitiated by amendments). Therefore, when a claimant, like Wilferth, files a claim purporting to amend a timely-filed claim after the expiration of the bar date, courts must look at the substance of the amended claim over its form to ensure the claimant is not attempting to disguise an entirely new or separate claim in the form of an ostensible amendment. *U.S. v. International Horizons, Inc. (In re International Horizons, Inc.),* 751 F.2d 1213, 1216 (11th Cir. 1985); *Kolstad,* 928 F.2d at 175. If the amended claim sets forth new grounds for liability or asserts a new claim it

is not a proper amendment and must be considered as a separately filed new claim independently subject to the bar date. *In re Waindel,* 65 F.3d 1307, 1312 (5th Cir. 1995).  Therefore, a purported amendment filed after the expiration of the bar date that is not a proper amendment of a timely-filed claim,  is a wholly new proof of claim which must be disallowed under § 502(b)(9) of the bankruptcy code as untimely filed. *Id.*

The Bankruptcy Court correctly determined that Wilferth's tortious interference claim was sufficiently distinct and different from Wilferth's original breach of contract claim; therefore the Original Claim can not be amended to add a tortious interference claim.  When determining whether to allow an amendment to a timely-filed claim, a bankruptcy court should consider whether it has notice of the (1) existence, (2) nature and (3) amount of the claim from the filing of the original claim. *Alliance Operating Corp.,* 60 F.3d at 1176.

Wilferth's Original Claim failed to apprise the Bankruptcy Court of the existence or nature of any purported claim for tortious interference. *Alliance Operating Corp.,* 60 F.3d at 1176 (amendment not proper where the existence and nature of the claim is not evident from the original timely-filed claim).  Wilferth's Original Claim is for "breach of employment contract and damages." Accordingly, Wilferth's breach of contract claim in the Original Claim related only to the Employment Agreement with Heritage; however, Wilferth's tortious interference claim in the Amended Claim related to his

agreement with Sagemark and parties other than Heritage. The Original Claim, therefore, sounds wholly in contract, while the Amended Claim sounds in tort.

Wilferth's Amended Claim is not proper as an amendment to cure a defect in the claim as originally filed, to describe the original claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim. *Enron Corp.,* 328 B.R. at 86; *Alliance Operating Corp.,* 60 F.3d at 1175. Wilferth's Amended Claim does not cure a defect in the Original Claim, but rather asserts a wholly new and separate claim of tortious interference. Likewise, the Amended Claim does not describe Wilferth's breach of contract claim with greater particularity because as aforementioned the Amended claim asserts an entirely new and separate claim. Finally, the Amended Claim does not plead a new theory of recovery on the facts set forth in the Original Claim. The only "facts," if any, set forth in the Original Claim was "breach of employment contract and damages." Therefore, the Original Claim fails to establish any facts from which a new theory of recovery, like tortious interference, could be derived.

The Bankruptcy Court correctly held that the Amended Claim filed after the Bar Date was not a proper amendment since it asserted tortious interference, a wholly new and separate ground for liability from that asserted in the Original Claim. The Bankruptcy Court, therefore, properly exercised its discretion disallowing the Amended Claim under § 502(b)(9) of the Bankruptcy Code as being untimely filed. *In re Waindel,* 65 F.3d 1307, 1312 (5th Cir. 1995).

**IV.     Conclusion**

The Court, therefore, **GRANTS** Appellant's Rule 8001(a) motion because otherwise Wilferth would be unduly punished for his attorney's mistake. The Court **AFFIRMS** the Bankruptcy Court because (1) the breach of contract claim asserted in both the Original and Amended Claim is barred by the four year statute of limitation under Texas law and must be disallowed under § 502(b)(1) of the Bankruptcy Code and (2) the tortious interference claim was untimely asserted in the Bankruptcy Case after the Bar Date of September 15, 2004 and must be disallowed under § 502(b)(9) of the Bankruptcy Code.

**SO ORDERED.**

Signed October 11th, 2006.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE